IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMIE GUTHRIE, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 22-1610 |
| | ) Magistrate Judge Maureen P. Kelly |
| v. | ) |
| | ) Re: ECF No. 51 |
| ELOY MONTEAGUDO and | ) |
| JY PRADO TRANSPORT CORP., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

Presently before the Court is Plaintiff's Motion for Sanctions Directed to Defendant JY Prado Transport Company. ECF No. 51.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On October 13, 2022, Plaintiff was operating a motor vehicle when a tractor-trailer driven by Defendant Eloy Monteagudo ("Monteagudo"), and owned by Defendant JY Prado Transport Corp. ("JY Prado"), crossed the center line of the road and went into the opposite lane of traffic. The tractor-trailer crashed into the vehicle operated by Plaintiff. As a result of the impact, Plaintiff suffered serious injuries to her head, neck, back, internal organs and shoulder. ECF No. 1 ¶¶ 8-18.

Plaintiff initiated this action with the filing of a Complaint on November 15, 2022. Id. Defendants filed their Answer on February 1, 2023. ECF No. 5. The initial case management conference was conducted and a case management order was issued on March 7, 2023. ECF Nos. 19 and 20.

1

On January 5, 2023, Plaintiff propounded discovery upon Defendants which included Interrogatories directed to Defendant Monteagudo, Interrogatories directed to Defendant JY Prado and Requests for Production of Documents directed to Defendants. ECF No. 51 ¶ 3.

Defendants were not forthcoming in providing responses to Plaintiff's discovery requests. However, defense counsel was able to produce a limited number of documents in the custody of Defendants' insurer, Brooklyn Specialty Insurance Company. Defense counsel undertook efforts to try to locate Defendants.

Due to the ongoing and vast deficiencies in Defendants' discovery responses, Plaintiff was forced to file a Motion to Compel discovery on October 10, 2023. ECF No. 32. The Court conducted a status conference with counsel on October 25, 2023, and addressed the deficiencies. ECF No. 41. That same date, the Court entered an order granting the Motion to Compel. ECF No. 42. The Court directed as follows.

> 1. Defense counsel is directed to promptly schedule a video or telephone conference (by November 3, 2023) with Defendant Monteagudo, with an interpreter, to inquire as to responses to Plaintiff's requests for production of documents and interrogatories. Defendant Monteagudo must provide a verification to his discovery responses.
>
> 2. Video deposition of Defendant Monteagudo is to be scheduled for a Saturday be video. It will take place at a Florida office of defense counsel.
>
> 3. Mr. Prado, as owner of Defendant JY Prado Transport, is directed to promptly meet with his attorney via video conference with the assistance of an interpreter. (By November 6, 2023).
>
> 4. Mr. Prado is ordered to provide responses to Plaintiff's requests for production of documents and interrogatories. Mr. Prado must provide a verification to his discovery responses.
>
> 5. The video deposition of Mr. Prado must be promptly scheduled. It will take place at a Florida law office of defense counsel.

      6.    NOTICE IS HEREBY GIVEN TO MR. PRADO THAT FAILURE TO COOPERATE IN DISCOVERY MAY RESULT IN THE IMPOSITION OF COURT SANCTION IN ACCORDANCE WITH THE FEDERAL RULES OF CIVIL PROCEDURE.

Id.

On November 13, 2023, Plaintiff was required to file a Second Motion to Compel Discovery and for Sanctions against JY Prado Transport Company. ECF No. 45. In the motion, Plaintiff informed the Court that: Defendant Monteagudo has provided answers to interrogatories but no verification; Defendants JY Prado had not provided answers to Interrogatories and JY Prado failed to meet with defense counsel. Id.

Upon review, the Court granted the Second Motion to Compel Discovery on December 7, 2023, and ordered as follows.

1. Eloy Monteagudo shall produce a verification to the Interrogatory answers by December 29, 2023.

2. JY Prado shall produce verified answers without objection to Interrogatories, verified answers to Request for Production of Documents and all documents responsive to Plaintiff's Request for Production of Documents by December 29, 2023 or all factual averments against JY Prado shall be accepted as true if so ordered.

3. If Defendants do not comply with this Order, Plaintiff may move for sanctions.

ECF No. 49.

On December 12, 2023, the Court conducted another status conference to address the failure of Defendants to provide discovery responses. The Court directed that JY Prado provide that dashcam video and GPS data from the tractor-trailer involved in the accident at issue and directed that Mr. Prado and a corporate designee of the company appear for deposition in person in Pittsburgh. ECF No. 50.

Unfortunately, Plaintiff was forced to file a Motion for Sanctions Directed to JY Prado Transport Company on January 8, 2024. ECF No. 51. In the motion, Plaintiff reported that JY Prado had still not provided any discovery responses in violation of the December 7, 2023 Order of this Court. JY Prado and Mr. Prado failed to appear for deposition as directed. JY Prado did not produce the dashcam video and the GPS data. Id.

Defense counsel filed a Response to Plaintiff's Motion for Sanctions. ECF No. 54. In the Response, he reported that he had not had any success in obtaining Mr. Prado's cooperation in the defense of this case and he had not received any additional documents from Mr. Prado. Id. ¶ 8. Defense counsel also identified his continuing efforts, and those of Brooklyn Specialty Insurance Company, to locate Mr. Prado and obtain his cooperation. Id. ¶ 12. These efforts have included the use of a private investigator, to no avail. Id. ¶ 13; ECF No. 54-1.

The Motion for Sanctions is now ripe for consideration.

**II.   DISCUSSION**

Rule 37 authorizes a court to impose sanctions against a party that fails to provide discovery as required by the Federal Rules of Civil Procedure. Although the Federal Rules of Civil Procedure permit a court to sanction, "[t]he ultimate decision to impose sanctions under Rule 37 and any determination as to what sanctions are appropriate are matters entrusted to the discretion of the district court." Dufala v. Primanti Bros., No. 2:15-cv-647, 2015 U.S. Dist. LEXIS 132964, at *2 (W.D. Pa. Sept. 30, 2015) (citing Bowers v. Nat'l College Athletic Ass'n, 475 F.3d 524, 538 (3d Cir. 2007)).

Federal Rule of Civil Procedure 37 provides, in pertinent part, as follows.

**(b) Failure to Comply with a Court Order.**

**(2) Sanctions Sought in the District Where the Action is Pending.**

(A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent – or a witness designated under Rule 30(b)(6) or 31(a)(4) – fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35 or 37(a), the court where the action is pending may issue further just orders. They may include the following:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except to submit tot a physical examination.

**(c) Failure to Disclose, to Supplement and Earlier Response or to Admit.**

(1) **Failure to Disclose or Supplement.** If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

(A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;

(B) may inform the jury of the party's failure; and

(C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i) – (vi).

**(d) Party's Failure to Attend Its Own Deposition, Serve Answers to Interrogatories, or Respond to a Request for Inspection.**

**(1) In General.**

    (A) Motion; Grounds for Sanctions. The court where the action is pending may, on motion, order sanctions if:

        (i) a party or a party's officer, director, or managing agent—or a person designated under Rule 30(b)(6) or 31(a)(4)—fails, after being served with proper notice, to appear for that person's deposition; or

        (ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.

    (B) Certification. A motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action.

**(2) Unacceptable Excuse for Failing to Act.** A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c).

**(3) Types of Sanctions.** Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)—(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

**(e) Failure to Preserve Electronically Stored Information.** If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:

(1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or

(2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:

  (A) presume that the lost information was unfavorable to the party;

  (B) instruct the jury that it may or must presume the information was unfavorable to the party; or

  (C) dismiss the action or enter a default judgment.

In considering the imposition of discovery sanctions, it is also recognized that a party subject to a sanction under Rule 37(b)(2) generally has engaged in multiple discovery violations. See Nat'l Fire & Marine Ins. Co. v. Robin James Construction, Inc., 478 F. Supp. 2d 660, 663 (D. Del. 2007) (sanctioning defendant for violating multiple discovery orders); Moser v. Bascelli, 879 F. Supp. 489, 493-94 (E.D. Pa. 1995) (imposing a sanction of attorneys' fees and expenses on plaintiff for continuing to disobey a court order).

Although Rule 37(b) "provides a 'veritable arsenal of sanctions' to deter and rectify discovery violations," is not equivalent to carte blanche; the Court's discretion is limited in two ways: (1) any sanction must be just; and (2) the sanction must be specifically related to the specific claim that was at issue in the order to provide discovery. Clientron Corp. v. Devon IT, Inc., 894 F.3d 568, 580-582 (3d Cir. 2018) (citations omitted) (rejecting veil piercing sanction not authorized by substantive law). In other words, the "unproduced discovery [must] be sufficiently material to the administration of due process to support a presumption that the failure to produce constituted an admission by the offending party that its asserted claim or defense lacked merit." Id. In Clientron, the United States Court of Appeals for the Third Circuit cautioned: "nothing in this opinion should be read to cast doubt on the District Court's authority to levy a sanction given the gravity of the misconduct, nor should the opinion be read to take issue with the severity of the sanction originally imposed." Id. at 582.

In the instant case, as noted above, there is no dispute that Defendant JY Prado has repeatedly failed to participate in any discovery. JY Prado has failed to provide answers to interrogatories and requests for production. It has failed to produce the dashcam video and GPS date from the tractor- trailer involved in this accident. Neither a corporate representative of JY Prado or Mr. Prado have appeared for deposition. Further, even after being ordered to so, JY Prado

and Mr. Prado have failed to produce any discovery and appear for deposition. Under these circumstances, the entry of sanctions is certainly warranted.

In the instant Motion for Sanctions, Plaintiff relies on Federal Rule of Civil Procedure 37(b)(2) and requests that the Court enter an order "directing that matters embraced in the order or other designated facts be taken as established for purposes of this action as the prevailing party claims." ECF No. 51 ¶ 21. Therefore, Plaintiff requests that all factual averments of the Complaint by accepted as true for purposes of this action. Id. ¶ 22.

Plaintiff also submits that, to the extent stored electronically, the dash came footage and GPS data from the tractor-trailer and Defendant Monteagudo's employment and driver qualification files as well as driver logs should have been preserved by JY Prado in anticipation or conduct of litigation. Id. ¶¶ 23-24. There is no evidence that JY Prado preserved this key information relative to the accident at issue. As such, Plaintiff further argues that this failure to preserve evidences an intent by JY Prado to deprive her of key evidence and that such failure to preserve has prejudiced her. Id. ¶¶ 25-26.

Upon review, the Court finds that JY Prado has failed to participate in discovery, ignored this Court's discovery orders and acted with intent to deprive Plaintiff of substantial information relevant to the pursuit of her claims. Therefore, the entry of sanctions is justified. In tailoring sanctions to JY Prado's conduct – or lack thereof - during discovery, the following sanctions are imposed against JY Prado. First, all factual averments asserted against JY Prado in Plaintiff's Complaint are hereby accepted by this Court as true, including for purposes of trial. Second, at the trial of this case, the jury will be instructed, pursuant to Federal Rule of Civil Procedure 37(e)(2), that it must presume that GPS data and dashcam video from tractor-trailer, along with

Defendant Monteagudo's employment and driver qualification files as well as driver logs, were unfavorable to JY Prado.

### III. CONCLUSION

For the reasons set forth herein, Plaintiff's Motion for Sanctions Directed to JY Prado Transport Company, ECF No. 51, is GRANTED. An appropriate order follows.

### ORDER

AND NOW, this 24th day of January, 2024, it is hereby ORDERED that Plaintiff's Motion for Sanctions, ECF No. 51 is GRANTED.

It is ordered that all factual averments asserted against JY Prado in Plaintiff's Complaint are hereby accepted by this Court as true, including for purposes of trial.

It is further ordered that at the trial of this case, the jury will be instructed pursuant to Federal Rule of Civil Procedure 37(e)(2), that it must presume that GPS data and dashcam video from tractor trailer along with Defendant Monteagudo's employment and driver qualification files and logs were unfavorable to JY Prado.

BY THE COURT,

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: All Counsel of Record via EM-ECF